

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2010

# Dawn Ball v. C.O. Oden

Precedential or Non-Precedential: Non-Precedential

Docket No. 10-1702

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Dawn Ball v. C.O. Oden" (2010). *2010 Decisions.* Paper 486.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/486

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-282                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1702
_____

DAWN MARIE BALL,
                                Appellant

v.

C.O. ODEN; C.O. REED; C.O. PINARD; SGT RAGAR; C.O. WOFORD;
C.O. GAIR; LT. HUMMEL; C.O. KEEN; C.O. FOULDS; SGT. GRINER;
SGT. CAMPBELL; CAPT. ROBENOLT; LT. GRIDLEY; SGT. WINDER;
LT. BLESSING; LT. SISLEY; TROY EDWARDS; EISWERTH; C.O. SMITH;
DEPUTY SMITH; LT. CRAVER; D. MILLER; REEDING; T. PETERSON;
KOLENO; KOPSHINA; CIPHAM; SUPT. LAMAS; SECY. BEARD; C.O.
AIKEY; C.O. ECKROTH; C.O. NOLTE; C.O. BAKER; LT. BARTO
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 09-cv-00847)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Dismissal Under 28 U.S.C.
§ 1915(e)(2)(B) and Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 2, 2010

Before:  BARRY, FISHER and GREENAWAY, JR., Circuit Judges.

(Filed: October 6, 2010 )
_____

OPINION
_____

PER CURIAM

Dawn Marie Ball appeals from the District Court's order denying her motion for a preliminary injunction. We will affirm. See 3d Cir. L.A.R. 27.4 (2008); 3d Cir. I.O.P. 10.6.

## I.

Ball, a Pennsylvania prisoner proceeding pro se, filed suit under 42 U.S.C. § 1983 against thirty-four correctional officers and other prison personnel. Ball alleges various instances in which she claims that defendants searched her cell, seized her property, confiscated unspecified legal material, and interfered in various ways with her incoming and outgoing legal and other mail. She also filed a motion for a preliminary injunction, in which she requests the immediate return of her property and an order requiring defendants to provide her access to the law library and preventing them from labeling her mail. Defendants filed a brief in opposition to the motion, together with an appendix presenting evidence that Ball failed to exhaust her claims and that they otherwise lack merit, and Ball filed a reply. By order entered February 17, 2010, the District Court denied Ball's motion. Ball appeals.

## II.

We have jurisdiction to review the denial of preliminary injunctive relief pursuant to 28 U.S.C. § 1292(a)(1).[1] We do so for abuse of discretion, though we review

_____

[1]The District Court's February 17 order also denied a motion that Ball had filed for

underlying conclusions of law de novo. See Adams v. Freedom Forge Corp., 204 F.3d 475, 484 (3d Cir. 2000). A preliminary injunction is an extraordinary remedy, and the party seeking it must show, at a minimum, a likelihood of success on the merits and that she faces irreparable harm in the absence of the injunction. See id.

The District Court denied Ball's motion on the grounds that she failed to establish these elements. For the reasons explained in the District Court's thorough and careful opinion, we agree. Ball argues primarily that defendants are interfering with her right to access the courts. As the District Court explained, however, Ball has not shown that defendants are interfering with her ability to assert any non-frivolous claim. See Christopher v. Harbury, 536 U.S. 403, 415 (2002). Even if they were, she has a legal remedy in the form of a denial-of-access suit, which she is pursuing here (and elsewhere, in the action pending at M.D. Pa. Civ. No. 08-cv-00701). She also has not shown that defendants are irreparably injuring her ability to litigate this or any other suit. As the District Court noted, Ball devoted the majority of her reply to arguing that she can overcome defendants' arguments regarding exhaustion but requires the materials they have confiscated from her in order to do so. The District Court concluded that it could resolve that issue if and when appropriate during discovery. We cannot say that it abused its discretion in doing so.

---

the appointment of counsel. Our jurisdiction does not extend to that ruling. See Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Accordingly, we will affirm the judgment of the District Court. Ball's motion for the appointment of counsel in this Court is denied.